UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**MICHAEL D. HARRIS**  CIVIL ACTION NO. 18-0606

SECTION P

**VS.**

JUDGE TERRY A. DOUGHTY

**SHERIFFS DEPT. OUACHITA**  MAG. JUDGE KAREN L. HAYES
**PARISH, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff Michael D. Harris is incarcerated at Ouachita Correctional Center and is proceeding pro se and in forma pauperis. He filed the instant Complaint on May 3, 2018, under 42 U.S.C. § 1983. He names "Sheriffs Dept. Ouachita Parish," Jay Russell, and Nathaniel Dean as Defendants.[1] For the following reasons, it is recommended that Plaintiff's request for this Court to intervene in his state court proceeding, as well as his claims against Defendants "Sheriffs Dept. Ouachita Parish" and Jay Russell, be **DISMISSED WITH PREJUDICE**. It is further recommended that the remainder of this action be **STAYED**.

### Background

Plaintiff alleges that, on July 2, 2017, Deputy Nathaniel Dean and Deputy Antley Devin responded to a call regarding a "disturbance" at 1490 Highway 594 in Monroe, Louisiana. After the deputies arrived, a "physical confrontation took place." Both deputies shot Plaintiff several times with "taser darts." Deputy Dean then shot Plaintiff in the arm and chest with his "9mm weapon" when Plaintiff's "back was turned." Plaintiff fell to the floor and was subsequently airlifted to a hospital.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff faults Defendant Dean for shooting him "when he could [have] used another measure to handle the situation." He continues to suffer "sharp pains" in his chest.

Following the altercation, Plaintiff was charged with simple battery, aggravated assault, battery of a police officer, disarming a police officer, aggravated assault on a police officer, and aggravated battery. [doc. # 9, p. 1]. The charges remain pending. *Id.*

Plaintiff asks the Court to: (1) dismiss all of his criminal charges; (2) order the Sheriff's Department to pay his medical bills; (3) award $1,000,000.00 for the physical and mental pain he suffered; and (4) discharge Defendant Dean from his employment.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## 2. *Heck v. Humphrey* and *Wallace v. Kato*

Plaintiff alleges that Defendants utilized excessive force on arrest; however, Plaintiff was charged with battery of a police officer, disarming a police officer, and aggravated assault on a police officer. If Plaintiff is ultimately convicted of the pending charges, he may not be entitled to seek damages for excessive force until the convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters, a successful Section 1983 excessive force claim, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction of battery of a police officer, disarming a police officer, or aggravated assault on a police officer. See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

In *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996), for example, a plaintiff who was convicted of battery of an officer could not maintain a Section 1983 action in which he alleged that officers used excessive force during arrest because self-defense was a defense to battery of an officer. If the officers used excessive force while apprehending the plaintiff, it would necessarily imply the invalidity of the conviction. *Id.*; see *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007) (concluding that because the plaintiff maintained his complete

innocence, his excessive force claim was "inseparable" from his conviction for aggravated assault on a police officer).

Federal courts are authorized to stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Wallace*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.") (emphasis supplied). Here, Plaintiff's excessive force claim is undoubtedly related to rulings that will likely be made concerning his pending charges. Thus, to the extent Plaintiff seeks an injunction[3] or money damages for excessive force, the claim should be stayed pending the outcome of the ongoing criminal prosecution.

**3. Sheriff Jay Russell**

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

Here, Plaintiff alleges that Sheriff Russell "was not involved in the shooting" and that he is only "the supervisor of the shooter." Sheriff Russell, however, cannot be vicariously liable for

---

[3] "*Heck* also applies where a plaintiff seeks injunctive or declaratory relief which, if granted, would necessarily imply that a conviction is invalid." *Mann v. Denton Cty. Texas*, 364 F. App'x 881, 883 (5th Cir. 2010).

the actions of his subordinates. As Plaintiff does not otherwise allege that Sheriff Russell participated in a constitutional deprivation or implemented a policy so deficient that it constitutes a deprivation of constitutional rights, Plaintiff's claims against Sheriff Russell should be dismissed.

**4. Entity Not Amenable to Suit**

Plaintiff names "Sheriffs Dept. Ouachita Parish" as a Defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, "Sheriffs Dept. Ouachita Parish" does not qualify as a juridical person. See *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."). Accordingly, Plaintiff's claims against this entity should be dismissed.

**5. Abstention**

Plaintiff asks the Court to "have all criminal charges dismissed . . . ." [doc. # 1, p. 4]. "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted).

"Where those three criteria are satisfied, a federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) where other 'extraordinary circumstances' threaten 'irreparable loss [that] is both great and immediate.'" *Id.* (quoting *Younger v. Harris*, 401 U.S. 37, 53-54 (1971)).

Here, Plaintiff asks the Court to interfere in an ongoing state judicial proceeding. The state court proceeding concerns the enforcement of state criminal laws, a subject matter in which the State has an important interest. See *Gates*, 885 F.3d at 880. In addition, Plaintiff has an adequate opportunity to raise his challenges to the state criminal proceedings in state court. To the extent Plaintiff argues that he has been unsuccessful or is likely to be unsuccessful in raising his claims in state court, that is irrelevant: "The relevant question is whether the would-be federal plaintiff has the opportunity to raise his federal claims in state court." *Id.* (cited sources omitted).[4]

Moreover, Plaintiff does not allege that the state proceeding was brought against him in bad faith, he does not challenge a state statute, and he alleges no extraordinary circumstances that threaten irreparable, immediate, and great loss. Accordingly, *Younger* abstention applies, and Plaintiff's request for this Court to intervene in the state court proceeding should be dismissed.

---

[4] Plaintiff asserts that he is "fighting" his pending charges. [doc. # 9, p. 1].

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Michael D. Harris's request for this Court to intervene in his state court proceeding be **DISMISSED WITH PREJUDICE** under the *Younger* abstention doctrine.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendants "Sheriffs Dept. Ouachita Parish" and Jay Russell be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state claims on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that the remainder of this action be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with his claims, he must, within thirty (30) days of the date the criminal proceedings against him have concluded, file a motion asking the Court to lift the stay;
>
> b. If the stay is lifted and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit;
>
> c. In light of the stay, Plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings have concluded; and
>
> d. Defendants shall not be required to answer during the stay, and Plaintiff may not seek a default judgment or conduct any discovery.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 26th day of June, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE