UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MICHAEL D. HARRIS** | **CIVIL ACTION NO. 18-0606** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFFS DEPT. OUACHITA PARISH, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Michael D. Harris, proceeding pro se and in forma pauperis, filed the instant proceeding on approximately May 3, 2018, under 42 U.S.C. § 1983, naming "Sheriffs Dept. Ouachita Parish," Sheriff Jay Russell, and Officer Nathaniel Dean as defendants.[1] For reasons below, the Court should dismiss Plaintiff's remaining excessive-force claim.

## Background

Plaintiff alleges that, on July 2, 2017, Deputy Nathaniel Dean and Deputy Antley Devin responded to a call regarding a "disturbance" at 1490 Highway 594 in Monroe, Louisiana. After the deputies arrived, a "physical confrontation took place." Both deputies shot Plaintiff several times with "taser darts." Deputy Dean then shot Plaintiff in the arm and chest with his "9mm weapon" when Plaintiff's "back was turned." Plaintiff fell to the floor and was subsequently airlifted to a hospital.

Plaintiff faults Defendant Dean for shooting him "when he could [have] used another measure to handle the situation." He continues to endure "sharp pains" in his chest.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Following the altercation, Plaintiff was charged with simple battery, aggravated assault, battery of a police officer, disarming a police officer, aggravated assault on a police officer, and aggravated battery. [doc. # 9, p. 1].

Plaintiff asked the Court to: (1) dismiss all of his criminal charges; (2) order the Sheriff's Department to pay his medical bills; (3) award $1,000,000.00 for the physical and mental pain he suffered; and (4) discharge Defendant Dean from his employment.

On July 13, 2018, the Court dismissed Plaintiff's request for the Court to intervene in his state-court proceeding, as well as Plaintiff's claims against "Sheriffs Dept. Ouachita Parish" and Sheriff Jay Russell. [doc. # 11]. The Court stayed Plaintiff's remaining excessive-force claim. *Id.*

On January 9, 2020, Plaintiff pled guilty to two counts of aggravated assault upon a peace officer with a weapon.[2] [doc. # 15].[3]

On February 4, 2020, Plaintiff moved to lift the stay, and on February 5, 2020, the Court granted Plaintiff's motion, lifted the stay, and referred this matter to the undersigned. [doc. # 16].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

---

[2] LA. REV. STAT. § 14:37.2.

[3] COURT MINUTES DETAILING GUILTY PLEA AND BILL OF INFORMATION, Fourth Judicial District Court, Parish of Ouachita, State of Louisiana.

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[4]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[4] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a

"[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2.** *Heck v. Humphrey*

To recapitulate, Plaintiff alleges that, when officers arrived on the scene, a "physical confrontation took place." [doc. # 1, p. 3]. Officer Nathaniel Dean then "shot [him] several times by taser (darts)" and, when Plaintiff's "back was turned[,]" shot him with his "9mm weapon" in the chest and arm. *Id.* Plaintiff alleges that Dean should have used "another measure to handle the situation." [doc. # 9, p. 1]. Critically, Plaintiff maintains, "a video of the whole incident . . . show[s] me not assault anyone." [doc. # 15].

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Courts assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (internal quotation marks and quoted source omitted). Courts "ask whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling [it] into question." *Id.*

Here, prevailing on the excessive-force claim would necessarily imply the invalidity of Plaintiff's two aggravated-assault-on-a-peace-officer convictions. As above, Plaintiff maintains that "a video of the whole incident . . . show[s] [him] not assault anyone." [doc. # 15]. If, for example, Plaintiff establishes that the officer used excessive force because Plaintiff did not

5

assault anyone, he will have established that his assault convictions are invalid.[5] While Plaintiff does allege that the officer should have used "another measure to handle the situation," he does not sufficiently distinguish, temporally or conceptually, the facts underlying his convictions from the alleged excessive use of force. Plaintiff's claim is, therefore, necessarily inconsistent with his convictions.

Accordingly, Plaintiff may not seek relief for the alleged excessive force until his convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. The Court should dismiss this claim.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Michael D. Harris's remaining excessive-force claim be **DISMISSED WITH PREJUDICE** as frivolous until the *Heck* conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

---

[5] See *Arnold v. Town of Slaughter*, 100 F. App'x 321, 325 (5th Cir. 2004) (finding, where a plaintiff alleged that he did nothing wrong and was viciously attacked for no reason, that the claim was barred because it squarely challenged the factual determination that underlay his conviction for resisting an officer); *Ducksworth v. Rook*, 647 F. App'x 383, 386 (5th Cir. 2016) (finding, where the plaintiff was convicted of resisting arrest, disorderly conduct, and assault on a police officer, that the plaintiff's excessive-force claims were barred under *Heck* because "[h]is complaint present[ed] a single narrative of an unprovoked police attack; his 'broad claims of innocence relate[d] to the entire arrest encounter, and not merely a discrete part of it.'" (quoting *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 287 (5th Cir. 2013)); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("DeLeon still thinks he's innocent. His federal complaint contradicts his confession in Texas court, belying any suggestion on appeal that he has accepted his 'conviction' for aggravated assault, and challenges only the shooting.").

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 12th day of February, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE